IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ANDRA MANUEL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 16-871-GMS |
| | ) | |
| ROBERT M. COUPE, et. al., | ) | |
| Respondents. | ) | |

**MEMORANDUM**

## I. BACKGROUND

On November 7, 2002, a Delaware Superior Court jury found petitioner Andra Manuel guilty of one count of trafficking cocaine (16 Del. C. Ann. § 4753A(a)(4)(a)), possession of a firearm during the commission of a felony (11 Del. C. Ann. § 1447A), carrying a concealed deadly weapon (11 Del. C. Ann. § 1442), resisting arrest (11 Del. C. Ann. § 1257), possession of cocaine (16 Del. C. Ann. § 4753), and possession of marijuana (16 Del. C. Ann. § 4754). *See Manuel v. Carroll*, 2005 WL 1899466, at *1 (D. Del. Aug. 8, 2005). Additionally, following a bench trial on December 16, 2002, Manuel was found guilty of possession of a deadly weapon by a person prohibited (11 Del. C. Ann. § 1448). The Superior Court sentenced him to a total of 46 years of incarceration, suspended after 37 years, to be followed by decreasing levels of probation. *Id.*

Prior to his November 2002 jury trial, Manuel filed a motion to suppress a gun and drugs found on his person by the police. The Superior Court held a suppression hearing, during which it heard testimony from the arresting officers and Manuel's girlfriend, who had been a witness to the arrest. The Superior Court denied the suppression motion because it found the police officers' testimony regarding the events to be more credible than the girlfriend's testimony. *See*

*generally Manuel v. State*, 846 A.2d 238 (Table), 2004 WL 716772 (Del. 2004).

After his conviction, Manuel filed a direct appeal with the Delaware Supreme Court, asserting that the Superior Court abused its discretion in failing to suppress the evidence found on his person by the police. The Delaware Supreme Court reviewed the details of the suppression hearing and the Superior Court's findings, determined that the Superior Court did not abuse its discretion in denying Manuel's suppression motion, and affirmed Manuel's conviction and sentences. *See Manuel*, 2004 WL 716772, at *1-2. He did not pursue state post-conviction relief.

In July 2004, Manuel filed a petition for federal habeas relief, asserting one Fourth Amendment claim. *See Manuel*, 2005 WL 1899466, at *1. The Honorable Sue L. Robinson denied the petition after determining that Manuel's Fourth Amendment claim failed to assert an issue cognizable on federal habeas review under *Stone v. Powell*, 428 U.S. 465 (1976). Manuel appealed, and the Third Circuit Court of Appeals declined to issue a certificate of appealablity because his Fourth Amendment claim was not cognizable on federal habeas review under *Stone v. Powell*, 428 U.S. 465, 494 (1976). *See Manuel v. Carroll*, C.A. No. 05-401 (3d Cir. Nov. 9, 2005).

In September 2016, while represented by the Office of Defense Services for the State of Delaware, Manuel filed the habeas petition presently pending before the court. (D.I. 2) The petition challenges his 2002 convictions and asserts "a *Brady v. Maryland* [373 U.S.83 (1963)] claim based on evidence that was not disclosed by the State until June 19, 2014, just shy of 10 years after he filed his first petition." (D.I. 15 at 2) The State filed a motion to dismiss the petition for lack of jurisdiction because it constitutes an unauthorized second or successive

2

habeas petition. (D.I. 13) Manuel filed a response in opposition. (D.I. 15)

## II. LEGAL PRINCIPLES

Pursuant to 28 U.S.C. § 2244(b)(1), if a habeas petitioner erroneously files a second or successive habeas petition "in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631." *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002); *see* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). Notably, a habeas petition is not considered second or successive simply because it follows a prior petition. *See Panetti v. Quarterman*, 551 U.S. 930, 944 (2007). Rather, a habeas petition is classified as second or successive within the meaning of 28 U.S.C. § 2244 if a prior petition has been decided on the merits, the prior and new petitions challenge the same conviction, and the new petition asserts a claim that was, or could have been, raised in a prior habeas petition. *See Benchoff v. Colleran*, 404 F.3d 812, 817 (3d Cir. 2005); *In re Olabode*, 325 F.3d 166, 169-73 (3d Cir. 2003).

## III. DISCUSSION

The underlying premise of Manuel's sole claim for relief is that the State violated *Brady* by waiting until June 19, 2014 to inform him that the chemist who testified in his 2002 trial, Farnam Daneshgar, had engaged in fraudulent behavior at the OCME from as early as 1990. (D.I. 15 at 3) Manuel asserts that, "at the time of Manuel's trial, it was no secret to those running OCME that Daneshgar had credibility issues because he had already been terminated once for suspected 'drylabbing'." (D.I. 7 at 10) He contends that the "revelation not only raises

3

significant issues of credibility, it raises questions as to the status of Daneshgar's employment in 2002, around the time he purportedly tested the substances in Manuel's case. [] This evidence was *Brady* material to which Manuel was entitled prior to trial. Had defense counsel been aware of this information, there is a reasonable probability that the result of the trial would have been different." (D.I. 7 at 10)

After reviewing the instant *Brady* claim in conjunction with the record, the court concurs with the State's assertion that Manuel has filed a second or successive habeas petition for the purposes of 28 U.S.C. § 2244. First, the denial of Manuel's first petition was an adjudication on the merits for the purposes of 28 U.S.C. § 2244(b), and the instant petition challenges the same 2002 convictions. *See Murray v. Greiner,* 394 F.3d 78, 80 (2d Cir. 2005); *Benchoff,* 404 F.3d at 817-18. Second, since Manuel references Daneshgar's alleged misconduct that occurred in the 1990s and the OCME's knowledge in 2002 about such misconduct, it is reasonable to conclude that the issue of Daneshgar's credibility could have been raised in the original habeas petition Manuel filed in 2004. Notably, and contrary to Manuel's assertion, § 2244(b)(3) explicitly requires the Third Circuit Court of Appeals, and not this court, to determine if Manuel's explanation that he could not have discovered the factual predicate of this claim prior to the State's June 2014 disclosure of Daneshgar's record satisfies § 2244(b)(2)(B) and warrants granting him permission to file a second habeas petition. Manuel concedes that he did not obtain permission from the Third Circuit Court of Appeals before filing his pending habeas request. Accordingly, the court will grant the State's motion to dismiss because the instant petition constitutes an unauthorized second or successive habeas petition.

However, acknowledging the possibility that the petition may be viewed as second or successive, Manuel expressly asks the court to transfer the petition to the Third Circuit Court of Appeals for a determination as to whether the filing of the instant petition should be authorized. (D.I. 15 at 10) In these circumstances, the court concludes that the interests of justice will be served by transferring the petition to the Third Circuit Court of Appeals. *See Stroll v. Glunt*, 2014 WL 3508225, at *3 (M.D. Pa. 2014) (construing Stroll's third habeas corpus petition as an application for leave to file a second or successive habeas corpus petition and directing the clerk of the court to transfer it to the United States Court of Appeals for the Third Circuit); *see also Robinson*, 313 F.3d at 139 (holding that when a second or successive habeas petition is erroneously filed "in a district court without the permission of the court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631."). The court will direct the clerk of the court to make that transfer pursuant to 28 U.S.C. § 1631.

## IV. CONCLUSION

For the aforementioned reasons, the court will grant the State's motion to dismiss Manuel's § 2254 petition for lack of jurisdiction. The court also declines to issue a certificate of appealability because Manuel has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); 3d Cir. L.A.R. 22.2 (2011); *United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997). However, given Manuel's express intent to seek permission to file a second or successive habeas petition, the court will direct the clerk of the court to transfer the

petition to the Third Circuit Court of Appeals pursuant to 28 U.S.C. § 1631. A separate order will be entered.

July 18, 2018
DATE

UNITED STATES DISTRICT JUDGE